- 1 -

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| **In re:**<br><br>**LOCAL FIRST MEDIA GROUP INC.**<br><br>    Debtor in a foreign proceeding. | Case No. 25-41368<br><br>Chapter 15 |
| **In re:**<br><br>**LOCAL FIRST PROPERTIES INC.,**<br><br>    Debtor in a foreign proceeding. | Case No. 25-41369<br><br>Chapter 15 |
| **In re:**<br><br>**BTC USA HOLDINGS MANAGEMENT INC.,**<br><br>    Debtor in a foreign proceeding. | Case No. 25-50050<br><br>Chapter 15 |
| **In re:**<br><br>**LOCAL FIRST PROPERTIES USA INC.,**<br><br>    Debtor in a foreign proceeding. | Case No. 25-50051<br><br>Chapter 15 |
| **In re:**<br><br>**ALASKA BROADCAST COMMUNICATIONS, INC.,**<br><br>    Debtor in a foreign proceeding. | Case No. 25-50052<br><br>Chapter 15 |
| **In re:**<br><br>**BROADCAST 2 PODCAST, INC.,**<br><br>    Debtor in a foreign proceeding. | Case No. 25-50053<br><br>Chapter 15 |

- 2 -

| In re:<br><br>**FRONTIER MEDIA LLC,**<br><br>Debtor in a foreign proceeding. | Case No. 25-50054<br><br>Chapter 15 |
|---|---|

**DECLARATION OF DERYCK HELKAA IN SUPPORT OF RECEIVER'S VERIFIED PETITION FOR RECOGNITION AS FOREIGN MAIN PROCEEDINGS, OR ALTERNATIVELY AS FOREIGN NONMAIN PROCEEDINGS, PURSUANT TO SECTIONS 1515 AND 1517 OF THE UNITED STATES BANKRUPTCY CODE AND RELATED RELIEF AND AUTHORIZING RECEIVER'S USE OF CASH COLLATERAL**

I, Deryck Helkaa, do hereby declare as follows:

1. I am over the age of 18, and I am authorized to submit this declaration (the "**Declaration**") on behalf of the Receiver (as defined below).

2. I am a Senior Managing Director, Corporate Finance & Restructuring, at FTI Consulting Canada Inc. ("**FTI**").  I hold a B.A. in economics from the University of Western Ontario.  I am a Licensed Trustee in Bankruptcy, a Chartered Insolvency and Restructuring Professional and a Chartered Professional Accountant. I am a member of the Canadian Association of Insolvency and Restructuring Professionals, Insolvency Institute of Canada and Turnaround Management Association. I have more than 20 years of experience providing transaction and restructuring advisory services to companies and their stakeholders, including representing creditors, lenders, shareholders, management and boards of directors in both formal and out-of-court restructurings and cross-border cases. I have industry experience in oil and gas, including companies operating in exploration and production, midstream and oilfield services sectors.  My office is at 520 5th Ave SW Suite 1610 Calgary, AB, T2P 3R7 Canada.

3. FTI acts herein solely in its capacity as court-appointed receiver (in such capacity, the "**Receiver**" or "**Foreign Representative**") of the above-captioned debtors (collectively, the "**Debtors**"), based upon the Receivership Order dated February 21, 2025 (the "**Receivership**

Order")[1] entered by the Court of King's Bench of Alberta in the Calgary Courts Centre, Calgary, Alberta, Canada, Court File No. 501-01744 (the "**Canadian Court**" and the "**Canadian Proceeding**") and as authorized foreign representative of the Debtors.

4. As Receiver, I have investigated the business and affairs of the Debtors to the best of my ability since my engagement on this case, and make this declaration based on that investigation.[2] All facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees working under my direction or supervision, my discussions with other members of FTI or the Debtors (as defined herein) and/or my opinions based upon my experience concerning the Debtors' operations and financial condition and my experience as a Licensed Trustee in Bankruptcy, a Chartered Insolvency and Restructuring Professional and a Chartered Professional Accountant. If called to testify, I could and would testify competently as stated herein.

5. I make this Declaration in support of the *Receiver' Verified Petition For Recognition As Foreign Main Proceedings, Or Alternatively As Foreign Nonmain Proceedings, Pursuant To Sections 1515 And 1517 Of The United States Bankruptcy Code And Related Relief And Authorizing Receiver's Use Of Cash Collateral* (the "**Petition**").

## BACKGROUND

**The Structure of the Debtors**

6. A more complete description of the Debtors and their capital structure is found in the Petition, which is verified by me and incorporated herein by reference.

---

[1] A true and correct copy of the Receivership Order is attached as Exhibit A to the Official Form 401 Petition, and can also be downloaded free of charge at FTI's website: http://cfcanada.fticonsulting.com/LocalFirst/ and is incorporated herein for all purposes.

[2] Statements made herein are made upon information and belief and based on information currently available to the Receiver, may be subject to change, and are without prejudice to the rights and remedies that may be available to the Receiver under applicable law.

7.  There are seven affiliated Debtors who are the subject of the Canadian Proceeding and these Chapter 15 Cases: (a) Local First Media Group Inc. ("**Local First Media**"), an Alberta Canada corporation with its registered office at 671-180 Street SW, Edmonton, AB T6W 2S8; (b) Local First Properties Inc. ("**Local First Properties Canada**"), an Alberta Canada corporation with its registered office at 671-180 Street SW, Edmonton, AB T6W 2S8; (c) BTC USA Holdings Management Inc ("**BTC USA**"), a Delaware corporation with its registered office at 3161 Channel Dr., #2, Juneau, AK 99801; (d) Local First Properties USA Inc. ("**Local First Properties USA**"), a Delaware corporation with its registered office at 3161 Channel Dr., #2, Juneau, AK 99801; (e) Alaska Broadcast Communications, Inc. ("**Alaska Broadcast**"), an Alaska corporation with its registered office at 3161 Channel Dr., #2, Juneau, AK 99801; (f) Broadcast 2 Podcast, Inc. ("**B2P**"), a California corporation with its registered office at 14206 Barbon Beck Avenue, Bakersfield, CA 93311; and (g) Frontier Media LLC ("**Frontier**"), an Alaska Limited Liability Company with its registered office at 3161 Channel Dr., #2, Juneau, AK 99801.

8.  The Debtors consist of Canadian companies with U.S. affiliates operating radio stations in the United States. Together, the seven Debtors own the radio stations, the associated equipment and other personal property required to operate the radio stations, and the real estate and associated improvements, including certain buildings and cell towers. The real estate and improvements are located in Texas, Alaska, and Arkansas.

9.  The following chart depicts the corporate organization of the Debtors (indicated by blue shaded boxes) as of the Petition Date:



10. At the top of the Debtors' organizational chart of the corporate family of the Debtors are Woodruff Media Inc.[3] (an Alberta, Canada corporation), Creator Capital Corp.[4] (an Alberta, Canada corporation), and B2P (California corporation). Canadian entities Woodruff Media Inc. and Creator Capital Corp. are not Debtors in the Canadian Proceeding, nor are they Debtors in these Chapter 15 Cases. But together they own a 90% interest in Debtor Local First Media.

---

[3] Woodruff Media Inc. lists Bryan Woodruff, with an address at 2 - 151 Berkindale Dr. Hamilton, Ontario, Ca. L8E1M6, as sole Director.

[4] Creator Capital Corp. is 100 percent owned by Bayfield Harbour Partners Ltd., which lists an address at 57 Larwood Blvd. Toronto, Ontario Ca. M1M2M6, with its sole director listed as Edward Ellis at 57 Larwood Blvd. Scarborough, Ontario Ca. M1M2M6.

11. The Debtors' major secured creditor is ATB Financial ("**ATB**"), which is a financial institution in the Province of Alberta, Canada. Under the ATB loan documents, Local First Media and Local First Properties Canada, both Canadian entities, are Borrowers, while Local First Properties USA, B2P, BTC USA, and Alaska Broadcast are Guarantors. ATB contends that Frontier is also a Guarantor. As of February 5, 2025, ATB alleges that the Borrowers are indebted to ATB in the amount of USD $8,205,843.77 in respect of funds borrowed pursuant to the Loan Agreement, plus interest and costs, which continue to accrue (the "**Indebtedness**"). ATB also claims security interests in the majority of the Debtors' assets.

12. It is a term of the Security that if the Debtors are in default of their obligations to ATB, ATB may apply to the Canadian Court for the appointment of a receiver and manager. As alleged by ATB, the Debtors were in in default of their obligations to ATB, so ATB was entitled to apply to the Canadian Court to appoint a receiver and manager over the Debtors. Further, the Debtors agreed to the Consent Receivership Order as part of the Forbearance Agreements.

13. On February 10, 2025, ATB filed an Application for Receivership and a Bench Brief of the Applicant in Support of the Receivership Application with the Court Of King's Bench Of Alberta, Calgary Judicial Centre, where it was assigned Court File no. 2501-01744. The Receivership Application was supported by the Affidavit No. 1 of Greg Steidl, Director of Risk Advisory and Management of ATB, and exhibits to such affidavit.

14. On February 21, 2025, the Receivership Order was pronounced by the Honourable Justice M.J. Lema, and was filed with the Canadian Court on February 26, 2025. The Receivership Order finds that "[t]he time for service of the notice of application for this order (the "**Receivership Order**") is hereby abridged and deemed good and sufficient and this application is properly returnable today." Receivership Order ¶1.

15. Pursuant to the Receivership Order, FTI was "appointed Receiver, without security, of all of the Debtors' current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate, including all proceeds thereof (the "Property")." Receivership Order ¶2. The Receivership Order specifically authorizes the Receiver to act "as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada." Receivership Order ¶31. It empowers and authorizes the Receiver to take numerous steps involving the property of the entities subject to the Canadian Proceeding. Receivership Order ¶3. Likewise, the Receivership Order grants the Receiver access to all of the Debtors' books, records, contracts, securities, and information. Receivership Order ¶¶ 4-6. Additionally, the Receivership Order imposes a stay of proceedings against the Receiver, the Debtors, or the Debtors' property similar to the protections available under 11 U.S.C. § 362(a). Receivership Order ¶¶7-11. Thus, upon the entry of the Receivership Order, all strategic and key managerial decisions are being made by the Receiver in Calgary, Alberta.

16. Among other things, the Receivership Order provides that the Receiver may apply to a Court in the US for recognition of the Receivership Order and respectfully requests that Courts in jurisdictions outside Canada recognize the Receivership Order and aid and assist to assist the Receiver and the Canadian Court. Receivership Order ¶30-31.

**The Chapter 15 Cases**

17. On May 13, 2025, as foreign representative, I, on behalf of the Receiver, caused to be filed an Official Form 401 Chapter 15 petition for each of the Debtors in the above-referenced cases. The date of the filing of Official Form 401 petitions shall be called the "**Petition Date**."

18. On behalf of the Receiver, I commenced these ancillary proceedings for the Debtors under Chapter 15 of the Bankruptcy Code to obtain recognition of the Canadian Proceeding as a

foreign main proceeding, or alternatively as a foreign nonmain proceeding. I contend that these Chapter 15 Cases will complement the primary proceedings with respect to the Debtors and their property in Canada and the United States to ensure the effective and economic administration of the Debtors' estates and prevent adverse actions in the United States. Further, I submit that recognition of the Canadian Proceeding and the related relief requested herein will not undermine the rights that United States creditors typically would enjoy in a chapter 11 proceeding, as creditors will have the right to participate in these Chapter 15 Cases and the Canadian Proceeding.

**Support for Petition for Recognition**

19. The Debtors have property in the United States as described in the Petition, including, without limitation, a retainer provided on behalf of the Debtors to the Receiver's Texas counsel, Norton Rose Fulbright US LLP, which is being maintained in an interest-bearing account located in the state of Texas.

20. Pursuant to the Receivership Order, the Receiver is the foreign representative and is authorized to act as a representative for the purpose of having the Canadian Proceedings recognized in a jurisdiction outside of Canada. In my experience and opinion, as stated in detail in the Petition, I believe that the Receiver is a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

21. In my experience and opinion, and as stated in detail in the Petition, I believe that the Canadian Proceeding is a collective judicial or administrative proceeding in Canada, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

22.     Further, to the best of my knowledge and belief, and my experience, I believe that the Canadian Proceeding is a "foreign main proceeding," because the Debtors' center of main interests is in Canada. As more fully described in the Petition, the location of those who manage the debtor, the "nerve center," or "principal place of business" of the Debtors, favors Canada. With the entry of the Receivership Order, the Receiver has expansive authority to act for the Debtors and with respect to the Debtors' property, to the exclusion of the Debtors' prior management. Even prior to appointment of the Receiver, Canadian entities controlled the organizational chart from Local First Media Group to Local First Properties Canada to Local First Properties USA, which is believed to own the most valuable assets of the Debtors, which are the real property interests, and Canadian entities own a 20% interest in BTC USA, which on information and belief owns some radio station assets, either directly or indirectly. Because of the entry of the Receivership Order appointing FTI, the location of the Debtors' headquarters are properly situated with FTI.

23.     As to the location of the Debtors' primary assets, subject to further investigation, those assets are located in the US, which is an important reason why the Receiver seeks Chapter 15 recognition. As to the location of the majority of the Debtors' creditors or the majority of creditors affected by the case; and the jurisdiction whose law would apply to most disputes, the major secured lender is ATB, a Canadian entity, with a claim of over USD $8.2 million against all Debtors and with a claim of security interests on virtually all assets of all the Debtors. As such, ATB, in terms of the size of its claim and its security, appears to be the creditor most affected by the case. In addition, the Debtors agreed that any disputes with ATB are subject to the law of Alberta and Canada, with a choice of forum of the courts of Alberta. According to Mr. Dumas, the majority of creditors in number and dollar amount are Canadian, and with respect to US

creditors, there are claims of approximately $500,000 to the Internal Revenue Service for payroll taxes and approximately $150,000 to state or local governments for sales tax, with another approximate $50,000 owed to other creditors.

24. I believe that recognition of the Receiver as the Debtors' "foreign representative" and recognition of the Debtors' Canadian Proceedings as a "foreign main proceeding" are consistent with the purpose of Chapter 15 of the Bankruptcy Code and will allow the Debtors to facilitate the Canadian Proceedings and effectuate a sale of the Debtors' assets without jeopardizing the rights of any of the Debtors' creditors.

**Support for Relief under Section 1521**

25. I, on behalf of the Receiver, seek additional relief under Section 1521 and of the United States Bankruptcy Code in connection with recognition of the Canadian Proceeding, to enjoin collection efforts against the assets of the Debtors and other relief.

26. Upon recognition, the Receiver requests additional relief as authorized by Section 1521 of the Bankruptcy Code, including, without limitation:

(a) That the administration or realization of all or part of the assets of the Debtors within the territorial jurisdiction of the United States be hereby entrusted to the Receiver, and the terms of the Receivership Order shall apply to the Debtors, their creditors, the Receiver, and any other parties-in-interest, and the Receiver is authorized to implement the Receivership Order;

(b) That (1) the commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of the Debtors, including any action or proceeding against FTI in its capacity as Receiver of the Debtors, be stayed to the extent not stayed under Section 1520(a) of the Bankruptcy Code; that (2) execution against the assets of the Debtors be stayed to the extent not stayed under Section 1520(a) of the Bankruptcy Code; that (3) the right to transfer or otherwise dispose of any assets of the Debtors to the extent not suspended under Section 1520(a) of the Bankruptcy Code be suspended by any person or entity other than the Receiver

unless authorized in writing by the Receiver or by Order of the Court;

(c) That all persons and entities be enjoined from taking any actions inconsistent with the Canadian Proceeding, and from seizing, attaching, and enforcing or executing liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Receiver; and

(d) That the Order provide for the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtors, and finding that such information is required in the Canadian Proceeding under the law of the United States.

(e) Otherwise granting comity to and giving full force and effect to the Canadian Court, the Canadian Proceeding, and the Receivership Order.

(f) Awarding the Receiver such additional assistance under Sections 105(a), 1507, and 1521(a)(7) of the Bankruptcy Code and other and further relief as this Court deems just and appropriate. In this regard, the Receiver seeks an Order:

(1) That Section 365(e) of the Bankruptcy Code shall apply with respect to the Debtors' executory contracts and unexpired leases such that, notwithstanding any provision in any such contract or lease or under applicable law, no executory contract or unexpired lease with any of the Debtors may be terminated, cancelled, or modified (and any rights or obligations in such leases or contracts cannot be terminated or modified) solely because of a provision in any contract or lease of the kind described in sections 365(e)(1)(A), (B), or (C) of the Bankruptcy Code, and all contract and lease counterparties located within the United States shall be prohibited from taking any steps to terminate, modify, or cancel any contracts or leases with the Debtors arising from or relating in any way to any so-called "ipso facto" or similar clauses;

(2) That the banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and

all such checks, drafts, wires and automatic clearing house transfers issued, whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Receiver;

(3) That the Receiver and its agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules of this Court;

(4) That no action taken by the Receiver or its successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceeding, the Recognition Order, these Chapter 15 Cases, or any adversary proceeding herein, or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Receiver, including without limitation pursuant to sections 306 or 1510 of the Bankruptcy Code; and

(5) That, because section 361 and 363 of the Bankruptcy Code apply upon recognition of a foreign main proceeding under Section 1520(a) as to property within the territorial jurisdiction of the United States, that the Receiver be granted use of cash collateral, as defined by Section 363 situated in the territorial jurisdiction of the United States ("**Cash Collateral**")[5] or as may be agreed to by creditors entitled to adequate protection of their cash collateral as described as follows or as otherwise agreed, namely: "Secured creditors with liens on Cash Collateral are entitled to adequate protection for their interest in their Cash Collateral from any diminution in value resulting from the use, sale or lease of Cash Collateral from and after the date of this Order (such decrease in value, the "**Adequate Protection Obligations**"). Accordingly, such secured creditors holding Cash Collateral are hereby granted as adequate protection for and to the extent of the Adequate Protection Obligations, nunc pro tunc to the date of the filing of the Petitions, valid, binding, enforceable and perfected replacement liens and security interests (the "**Adequate Protection Liens**") in all assets of the Debtors within the territorial jurisdiction of the United States, that shall secure payment of the Adequate Protection Obligations. Nothing herein shall prejudice, impair or otherwise affect the rights of any party to seek any other or supplemental relief in respect of their Cash Collateral or adequate protection rights."

---

[5] Notably, the Receivership Order provides for a "charge" of USD $500,000 for the purpose of funding the exercise of the powers and duties conferred upon the Receiver in priority to all security interests, trusts, deemed trusts, liens, charges and encumbrances, statutory or otherwise. See Receivership Order, ¶21.

**The Receiver Has A Substantial Likelihood Of Success On The Merits That The Court Will Grant The Petition Recognizing The Canadian Proceeding**

27. Based on the above, the facts and law stated in the Petition, and the evidence to be submitted, I contend that there is a substantial likelihood that the Receiver will prevail on the merits and that the Court will find that the Receiver is a foreign representative and that the Canadian Proceedings are a foreign main proceeding. I understand that once the Canadian Proceedings are recognized as a foreign main proceeding, the automatic stay of the United States Bankruptcy Code will go into effect. If the Court does not find that the Canadian Proceeding is a foreign main proceeding, the Receiver submits that the facts underlying this chapter 15 proceeding support a finding that the Debtor has an establishment in Canada within the meaning of section 1502(2) of the Bankruptcy Code, and thus there is a substantial likelihood that the Court will recognize the Canadian Proceeding as a foreign non-main proceeding. I also believe that there is a substantial likelihood that the Court will determine that the relief requested is necessary to effectuate the purpose of chapter 15 and to protect the assets of the Debtor or the interests of the Debtor's creditors pursuant to Section 1521 of the Bankruptcy Code.

**There Is A Substantial Threat Of Irreparable Injury If The Relief Is Not Granted**.

28. It is the Receiver's intention to continue operations of the Debtors for a period of time so that the assets may ultimately be sold and to continue to investigate the assets, business operations, and claims with respect to the Debtors. As such, the Receiver needs to stabilize operations and operate in the normal course, including paying employees and ongoing expenses. If the Receiver's authority is not honored in the US, or if creditors or parties in interest take collection actions or exercise self-help, the ordinary course operations of the Debtors and the ability of the Receiver to effectuate a sale of assets could be jeopardized. The Receivership Order provides for a stay against seizure of assets and litigation similar to the automatic stay of Section

362(a). Accordingly, the failure to grant the 1521 Relief subjects the Debtors to a substantial threat of irreparable injury, all to the detriment of the Debtors, their estates, and their creditors.

29. As stated above, the Debtors operate radio stations in the U.S., and, as such, the Debtors hold Federal Communications Commissions ("**FCC**") broadcast and wireless licenses and a receive-only earth station license. While the Receivership Order grants the Receiver broad authority to operate the Debtors' business and control the Debtors' assets, the Receiver has exercised no control over such FCC licenses or any broadcasting or radio operational decisions with respect to such radio stations; such decisions having been made by pre-receivership management who are still working for the Debtors. Accordingly, although the proposed relief seeks a ruling that the Receiver may, but is not obligated, to operate the Debtors' business, the Receiver is not currently controlling the FCC licenses or broadcast operations. A concern has been raised by the Debtors that the Receiver is a Canadian entity, and as such, may not exercise control over the Debtor's FCC licenses. First, as stated above, the Receiver has not been in control of the FCC licenses, as operations of the radio stations to date have been by Mr. Cliff Dumas. The Receiver seek a finding that it is not in control of the FCC licenses. Second, even if the Receiver was in control of the Debtors, the Receiver is wholly owned by FTI Consulting, Inc., which is a U.S. publicly traded company incorporated under the laws of the State of Maryland. It is my intention to comply with all applicable FCC laws, rules, and regulations as advised by my legal counsel.

**The Threatened Injury To The Debtors Outweighs Any Damage The Interim Relief Would Cause To An Opponent**.

30. I believe that any threatened injury to the Debtors outweighs any damage the injunctive relief might cause to parties in interest. The relief, if granted, would actually benefit the Debtors' creditors by ensuring an orderly distribution of assets and facilitate the Canadian

Proceedings, including the contemplated sale. Without recognition and enforcement of the Receivership Order to the fullest extent permitted by chapter 15 of the Bankruptcy Code, the Receiver will be unable to fully discharge its duties to all creditors, specifically including direct negative impact to the Receiver's ability to maximize value for the Debtor's estate and cause the Receiver to expend finite resources to defend potential actions that are intended to be stayed by the Receivership Order.

**The Relief Will Not Disserve The Public Interest.**

31. Finally, the requested injunctive relief will not disserve the public interest. To the contrary, the relief requested is in the public interest because it sets to facilitate a cross-border reorganization that will provide a benefit to the estates of the Debtors. The relief is also supported by notions of comity and will allow the Debtors to craft a productive solution for their estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[*Remainder of this page intentionally left blank; signature page will follow*]

Executed this 13 day of May, 2025

By: _____
Deryck Helkaa for FTI, Receiver and
Foreign Representative